Ekaterina Schoenefeld
**SCHOENEFELD LAW FIRM LLC**
245 Nassau Street
Main Office Building, 1st Floor West
Princeton, New Jersey 08540
Tel.: (609) 688-1776
Fax: (609) 228-4099
eschoenefeld@schoenefeldlaw.com

*Attorneys for Defendant Orange Pop Media, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM FARRINGTON, | |
| | Civil Action No.: 2:18-cv-14136 (CCC) (JBC) |
| Plaintiff, | |
| v. | **ANSWER** |
| ORANGE POP MEDIA LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

**ANSWER**

Defendant, Orange Pop Media LLC, by its undersigned counsel, hereby responds to the Complaint filed by Plaintiff, William Farrington, and asserts its Affirmative Defenses, as follows:

**NATURE OF THE ACTION**

1.  Plaintiff's description of the nature of the action contains conclusions of law to which no response is required. To the extent that a response is required, all material statements made in Plaintiff's description of the nature of this action are denied, for reasons more fully set forth hereinafter.

## JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

4. Admitted.

## PARTIES

5. Defendant Orange Pop Media LLC lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 of the Complaint.

6. Admitted in part; denied in part. Defendant Orange Pop Media LLC admits that it is a domestic business organized and existing under the laws of the State of New Jersey and that it is registered with the State of New Jersey to do business in the state. Defendant Orange Pop Media LLC further admits that it owns and operates a website at the URL https://theinterrobang.com. Defendant Orange Pop Media LLC lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 6.

## STATEMENT OF FACTS

7. Defendant Orange Pop Media LLC lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 7 of the Complaint. Defendant Orange Pop Media LLC further responds that, to the extent that Exhibit A attached to the Complaint is not a true and correct copy of the Photograph in issue, such averments are denied.

8. Defendant Orange Pop Media LLC lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 8 of the Complaint. Defendant Orange Pop Media LLC further responds that, to the extent that Exhibit B attached to the Complaint is not a true and correct copy of the article referenced in Paragraph 8, such averments are denied.

9. Defendant Orange Pop Media LLC lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 9 of the Complaint.

10. Defendant Orange Pop Media LLC lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 10 of the Complaint. Defendant Orange Pop Media LLC further responds that, to the extent that Exhibit C attached to the Complaint is not a true and correct copy of the Plaintiff's alleged registration of the Photograph in issue with the United States Copyright Office, such averments are denied.

11. Admitted in part; denied in part. Defendant Orange Pop Media LLC admits that it published a post titled "NYPD Cop Gives Shirt Off His Back to Homeless Man." Defendant Orange Pop Media LLC lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 11.

12. Defendant Orange Pop Media LLC lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 10 of the Complaint.

13. Admitted.

**CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT AGAINST DEFENDANT**
**17 U.S.C. §§ 106, 501**

14. Defendant Orange Pop Media LLC incorporates by reference its responses to each of the averments contained in Paragraphs 1-13 as if the same were set forth at length herein.

15. Admitted in part; denied in part. Defendant Orange Pop Media LLC admits that it was not licensed to reproduce, display or distribute the Photograph. Defendant Orange Pop Media LLC denies the remaining averments set forth in Paragraph 15.

16. Defendant Orange Pop Media LLC responds that the averments set forth in Paragraph 16 of the Complaint are conclusions of law, to which no response is required; to the

extent a response is required, such averments are denied.

17. Defendant Orange Pop Media LLC denies the averments contained in Paragraph 17 of the Complaint.

18. Defendant Orange Pop Media LLC denies the averments contained in Paragraph 18 of the Complaint. Defendant Orange Pop Media LLC further responds that the averments set forth in Paragraph 18 of the Complaint contain conclusions of law, to which no response is required; to the extent a response is required, such averments are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant Orange Pop Media LLC denies that Plaintiff is entitled to the relief requested and therefore, Plaintiff's requests set forth in Paragraphs 1-5 should be denied in their entirety.

## AFFIRMATIVE DEFENSES

Without prejudice to plead additional defenses as discovery warrants, Defendant Orange Pop Media LLC asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of fair use.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, if Plaintiff were to recover in this action, he would be unjustly enriched.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because if Plaintiff has suffered no actual (or other) injury.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred because, the alleged use, if found to be an infringing use, was *de minimis*.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Defendant's rights under the First Amendment.

## TENTH AFFIRMATIVE DEFENSE

At this time, Defendant has insufficient knowledge or information on which to form a belief of whether it has additional unstated affirmative defenses; therefore, Defendant reserves the right to assert additional affirmative defenses.

**WHEREFORE**, Defendant Orange Pop Media LLC respectfully requests that this Court enter a judgment in its favor as follows:

(1) dismissing Plaintiff's Complaint in its entirety;

(2) awarding Defendant Orange Pop Media LLC its costs of suit, including reasonable attorney's fees; and

(3) awarding any such other and further relief as the Court may deem just and proper.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify under penalty of perjury that this matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: January 28, 2019        By:    <u>s/ Ekaterina Schoenefeld</u>
                                                                Ekaterina Schoenefeld
                                                                245 Nassau Street
                                                                Main Office Building, 1st Floor West
                                                                Princeton, New Jersey 08540
                                                                *Attorneys for Defendant Orange Pop Media, LLC*

## CERTIFICATE OF SERVICE

I, Ekaterina Schoenefeld, counsel for Defendant Orange Pop Media LLC in this matter, hereby certify that on this 28st day of January 28, 2019, a true and correct copy of the Answer and Affirmative Defenses Defendant Orange Pop Media LLC has been filed and served on all parties via ECF and is available for viewing and downloading from the ECF system.

Dated: January 28, 2019        By:    <u>s/ Ekaterina Schoenefeld</u>
                                                                Ekaterina Schoenefeld